WELCH, Judge.
 

 Ricky Louis English appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his June 23, 2005, guilty-plea conviction for unlawful possession of a controlled substance and his resulting sentence of 15 years’ imprisonment. English stated in his petition that he did not appeal.
 

 English filed his Rule 32 petition on or about March 13, 2006. In his petition, English alleged (1) that he was denied the effective assistance of counsel and (2) that his guilty plea was involuntarily entered based on information provided to him by counsel. After receiving a response from the State, the circuit court summarily denied the petition on March 23, 2007.
 

 I.
 

 On appeal, English argues that the evidence did not support the inference that he was guilty of possessing the controlled
 
 *621
 
 substance, but rather that the evidence merely indicated that he was a visitor at the residence and did not have knowledge that the narcotics were in the closet. He further avers that the record is silent as to the presence of a presentence investigation report and whether the State provided notice of its intent to seek application of the Habitual Felony Offender Act at sentencing. However, it is well settled that “[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.”
 
 Arrington v. State,
 
 716 So.2d 237, 239 (Ala.Crim.App.1997) . Thus, to the extent that English raises these contentions as separate claims, they are not properly before this Court because they were not first presented in the Rule 32 petition.
 

 II.
 

 English also contends that summary denial of his petition was improper. His argument is couched both in terms of an ineffeetive-assistance-of-counsel claim and a challenge to the voluntariness of the guilty plea. However, the thrust of his argument is that he entered into the guilty plea without a full and knowing understanding as to the possible sentence he faced and the impact of the guilty plea on the sentence from an earlier conviction for which he was serving at the time of the instant plea. More specifically, he claims that he believed that the sentence in the present case would run coterminously
 
 [1]
 
 with his earlier sentence, rather than merely concurrently with that sentence.
 

 Generally, the mere hope for a specific sentence is not sufficient to warrant setting aside a guilty plea. See
 
 State v. Holman,
 
 486 So.2d 500, 503 (Ala.1986). However, English’s claim is that he was informed by his counsel that his sentence would be coterminous.
 

 The State, while arguing that it appeared “that the Trial Court properly advised the Petitioner of the terms of his plea and the ramifications of entering the plea” (C. 38), conceded that it “was not privy to the communications between the Petitioner and trial counsel.” (C. 38.) Similarly, the circuit court, in its order summarily denying the petition, found:
 

 “The Court has reviewed [English’s] Petition, the response of the State and the Court records. The Court records clearly reflect that [English] was properly advised of his legal rights and was granted all jail credit due. This Court, as a long standing practice, never sentences any defendant to a ‘coterminous’ sentence.”
 

 (C. 40.)
 

 Rule 32.6(b), Ala. R.Crim. P, requires that a petition plead a “clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.” Once a petitioner has satisfied his burden of pleading, he is then entitled to present evidence to satisfy his burden of proof pursuant to Rule 32.3, Ala. R.Crim. P. We note that “a misrepresentation by a defendant’s counsel, if material, may render a guilty plea involuntary.”
 
 Ex parte Blackmon,
 
 734 So.2d 995, 997 (Ala.1999). Similarly, in
 
 Ford v. State,
 
 831 So.2d 641 (Ala.Crim.App.2001), this Court held that an evidentiary hearing was warranted when a petitioner challenged the voluntariness of his guilty plea on the grounds that his trial
 
 *622
 
 counsel allegedly misrepresented that he would receive a split sentence if he pleaded guilty. See also
 
 Bulger v. State,
 
 992 So.2d 786 (Ala.Crim.App.2007). Here, English averred that his counsel informed him that his sentence would be coterminous to the earlier sentence he was already serving and that he pleaded guilty based on counsel’s advice. Thus, English has satisfied his burden of pleading, and the State’s assertions are not sufficient to refute his claim.
 

 Therefore, we must remand this case to the circuit court to allow English an opportunity to present evidence to support his claim that his guilty plea was involuntary because of his counsel’s alleged misrepresentation that he would receive a 20-year split sentence if he pleaded guilty. On remand, the court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding English’s claims and may grant whatever relief it deems necessary. Due return shall be filed within 56 days of the release of this opinion and shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings.
 

 REMANDED WITH DIRECTIONS.
 
 *
 

 BASCHAJB, P.J., and McMILLAN and SHAW, JJ., concur. WISE, J., dissents, without opinion.
 

 [1]
 

 . Coterminous is defined as "coextensive in time or meaning."
 
 Black's Law Dictionary
 
 374 (8th ed.2004). Sentences that have been ordered to be served coterminously have been understood to "coterminate” or end at the same time as the previously imposed sentence. See
 
 Joiner v. State,
 
 625 So.2d 1173 (Ala.Crim.App.1993). It appears that English believed that his new 15-year sentence would end at the same time that his earlier sentence ended.
 

 *
 

 Note from the reporter of decisions: On August 22, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 19, 2008, that court denied rehearing, without opinion. On November 21, 2008, the Supreme Court denied certiorari review, without opinion (1080012).