WELCH, Judge.
 

 The appellant, Jeffrey Lee, currently a death-row inmate at Holman Correctional Facility, appeals the circuit court’s summary denial of his postconviction petition filed pursuant to Rule 32, Ala. R.Crim. P.
 

 In April 2000, Lee was convicted of two counts of capital murder for killing Jimmy Ellis and Elaine Thompson during the course of a robbery and pursuant to one act or one course of conduct. Lee was also convicted of attempting to murder Helen King. The jury, by a vote of 7 to 5, recommended that Lee be sentenced to life in prison without the possibility of parole. The trial court declined to follow the jury’s recommendation and sentenced Lee to death. We affirmed Lee’s convictions and sentence of death on direct appeal and issued the certificate of judgment on February 6, 2004. See
 
 Lee v. State,
 
 898 So.2d 790 (Ala.Crim.App.2001).
 

 In February 2005, Lee filed a Rule 32, Ala. R.Crim. P., petition in the Dallas Circuit Court attacking his conviction and death sentence. Lee filed an amended
 
 *1149
 
 petition in April 2005. The circuit court issued a 138-page order in August 2007 summarily denying Lee’s petition. This appeal followed.
 

 At trial the State’s evidence tended to show that on December 12, 1998, Lee entered Jimmy’s Pawn Shop in Orrville armed with a sawed-off shotgun. Lee shot Jimmy Ellis, the owner, and two employees, Elaine Thompson and Helen King. The coroner testified that Ellis died of a gunshot wound to his chest and that Thompson died of a gunshot wound to her face. King recovered from her gunshot wound and testified at Lee’s trial.
 

 King testified that on December 12, 1998, Lee entered the pawnshop and asked to see wedding rings. He told King that he did not have any money and that he would come back after he got money from his grandmother; he then left. She said that a short time later Lee entered the store and yelled: “What’s up mother f-?” He pulled out a shotgun, King said, and shot Ellis, Thompson, and her. She fell to the floor and pretended to be dead. Lee left the store. King said that she got up, telephoned emergency 911, and locked the doors to the store. Lee tried to enter again, she said, but he left after discovering that the doors were locked.
 

 Evidence also showed that Lee left his shotgun on the counter in the pawnshop. A surveillance camera videotaped the events. The videotape showed Lee shooting the victims, and it corroborated King’s testimony. Lee confessed that he shot and killed the occupants of the pawnshop, but, he said, the first shot was fired accidentally.
 

 Standard of Review
 

 Lee appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition. Rule 32.3, Ala. R.Crim. P., states: “The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.”
 

 When this Court reviewed Lee’s direct appeal we applied a plain-error standard of review because Lee was sentenced to death. However, the plain-error standard does not apply to postconviction petitions attacking a death sentence. See
 
 Brooks v. State,
 
 929 So.2d 491, 495 (Ala.Crim.App.2005). “The standard of review this Court uses in evaluating the rulings made by the trial court is whether the trial court abused its discretion. See
 
 Elliott v. State,
 
 601 So.2d 1118, 1119 (Ala.Crim.App.1992).”
 
 Hunt v. State,
 
 940 So.2d 1041, 1049 (Ala.Crim.App.2005).
 

 Moreover, “when reviewing a circuit court’s rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason.”
 
 Bush v. State,
 
 [Ms. CR-03-1902, May 29, 2009] — So.3d -,-(Ala.Crim.App.2009).
 

 I.
 

 Lee first argues that the circuit court erred in summarily dismissing his claims on the basis that he failed to identify specific facts in his petition to support the claims. Specifically, Lee asserts that the circuit court confused the burden of proof with the burden of pleading and that he was not required to identify any facts at the pleading stage of a Rule 32 proceeding. In support of his argument Lee submits a laundry list of claims that, he asserts, were specifically pleaded. However, Lee makes no specific argument in the section of his brief in which he makes the argument concerning any of the claims; thus, he has failed to fully comply with the provisions of Rule 28, Ala. R.App. P. As we stated in
 
 Franklin v. State,
 
 23 So.3d 694 (Ala.Crim.App.2008):
 

 “It is well settled that ‘[r]ecitation of allegations without citation to any legal
 
 *1150
 
 authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed.’
 
 Hamm v. State,
 
 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘An appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or assigned. This standard has been specifically applied to briefs containing general propositions devoid of delineation and support from authority or argument.’
 
 Ex parte Riley,
 
 464 So.2d 92, 94 (Ala.1985) (citations omitted).”
 

 23 So.3d at 703.
 

 Rule 32.6(b), Ala. R.Crim. P., states:
 

 “The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
 

 This Court in addressing the scope of Rule 32.6(b), Ala. R.Crim. P., and the distinction between the burden of “pleading” and the burden of “proof’ has stated:
 

 “[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only ‘a clear and specific statement of the grounds upon which relief is sought.’ Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala. R.Crim. P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”
 

 Ford v. State,
 
 831 So.2d 641, 644 (Ala.Crim.App.2001).
 

 “ ‘Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.’
 
 Boyd v. State,
 
 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a conclusion ‘which, if true, entitle[s] the petitioner to relief.’
 
 Lancaster v. State,
 
 638 So.2d 1370, 1373 (Ala.Crim.App.1993). It is the allegation of facts in pleading which, if true, entitles a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts.”
 

 Boyd v. State,
 
 913 So.2d 1113, 1125 (Ala.Crim.App.2003).
 

 In his Rule 32 petition, Lee makes several assertions of ineffective assistance of counsel. This Court has addressed the burden of pleading when a Rule 32 petitioner asserts claims of ineffective assistance of counsel; we stated:
 

 “The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See
 
 Bracknell v. State,
 
 883 So.2d 724 (Ala.Crim.App.2003). To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must ‘identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judg-
 
 *1151
 
 raent,’
 
 Strickland v. Washington,
 
 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating ‘that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ 466 U.S. at 694, 104 S.Ct. 2052. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient.”
 

 Hyde v. State,
 
 950 So.2d 344, 355-56 (Ala.Crim.App.2006).
 

 Moreover,
 

 “An evidentiary hearing on a coram no-bis petition [now Rule 32 petition] is required only if the petition is ‘meritorious on its face.’
 
 Ex parte Boatwright,
 
 471 So.2d 1257 (Ala.1985). A petition is ‘meritorious on its face’ only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true.
 
 Ex parte Boatwright,
 
 supra;
 
 Ex parte Clisby,
 
 501 So.2d 483 (Ala.1986).”
 

 Moore v. State,
 
 502 So.2d 819, 820 (Ala. 1986). Contrary to Lee’s assertions, he was required to plead specific facts to support each of his claims in order to satisfy the pleading requirements of Rule 32.6(b), Ala. R.Crim. P.
 

 In the section of Lee’s brief asserting this argument, Lee also argues that the circuit court erred in dismissing his claim that counsel was ineffective for failing to “adequately present mitigating evidence.” The circuit court stated the following concerning this claim:
 

 “Lee contends that his trial counsel were ineffective during the penalty phase for not calling Dr. [Donald] Blan-ton[, a licensed professional counselor and a certified psychometrist,] and Dr. Winston Pineda!, a psychiatrist,] to testify, for failing to present evidence of Lee’s alleged ‘use of drugs and alcohol, his lack of sleep, his feelings toward his pregnant girlfriend’s betrayal, and the pounding of his head.’ Lee also contends that his trial counsel ‘failed to present evidence of [his] immediate and ongoing remorse for his actions.’
 

 “Lee fails to identify what specific statutory or non-statutory mitigating circumstances could have been established by Dr. Blanton’s or Dr. Pineda’s testimony. Further, Lee gives his trial counsel no credit for securing a life imprisonment without parole recommendation from the jury. Instead, Lee merely complains that if trial counsel had presented more information that ‘it is likely that more jurors would have voted for life in prison without the possibility of parole.’ As with so many other allegations in his amended Rule 32 petition, however, Lee fails to identify what specific facts his trial counsel could have presented. For example, Lee fails to state what specific facts his trial counsel could have presented to substantiate his contention [that] the initial shot was ‘unintentional and the remaining shots were the result of fear and panic.’ The Court finds also that the fact Lee’s trial counsel were able to secure a life without parole recommendation from the jury after the jury found him guilty of gunning down three people, murdering two, during the course of a robbery is strong evidence of effective assistance.
 
 See Tarver v. Hopper,
 
 169 F.3d 710, 715 (11th Cir.1999) (holding that ‘Tarver’s lawyer’s effectiveness at the sentencing stage is strongly evidenced by the jury’s
 
 *1152
 
 decision to recommend not death, but life without parole’).
 

 “The Court finds that the allegations of ineffective assistance of counsel fails to meet the specificity and full factual pleading requirements of Rule 32.6(b); therefore, they are summarily dismissed.”
 

 (C.R.
 
 1089-99.)
 

 In pleading this claim, Lee stated the following in his amended Rule 32 petition:
 

 “While [Lee’s] life story and background provided a volume of mitigating circumstances to present, trial counsel put on only four family members to offer very brief testimony, mostly to plead for [Lee’s] life, as opposed to offering evidence that would support the jury’s weighing of the aggravating factor against mitigating evidence. While this testimony from [Lee’s] relatives touched on some of the challenges in [Lee’s] life, such as drug use and problems with school starting in about the ninth grade, these witnesses could not or did not provide details for the jury’s consideration.
 

 “After not preventing Dr. [Kathy] Ro-nan[, a clinical psychologist,] to improperly call into question the testimony of Dr. Blanton during the guilt phase trial, trial counsel failed to call Dr. Blanton to testify at the penalty phase.[
 
 1
 
 ]
 

 “Trial counsel failed to present evidence of [Lee’s] use of drugs and alcohol, his lack of sleep, his feelings in response to his pregnant girlfriend’s betrayal, and the pounding of his head, all of which would be probative to both statutory and non-statutory mitigating factors.
 

 “Trial counsel failed to present evidence of [Lee’s] background sufficient to humanize [Lee] or otherwise provide mitigating evidence about the difficulties in [Lee’s] life, all of which would be probative of both statutory and non-statutory mitigating factors.
 

 “Trial counsel failed to present evidence of Dr. [Winston] Pineda’s diagnosis of [Lee] as having some type of psychosis and his prescribing to [Lee] of anti-psychotic medications, all of which would be probative of both statutory and non-statutory mitigating factors.
 

 “Trial counsel failed to present evidence of [Lee’s] immediate and ongoing remorse for his actions.
 

 “Trial counsel failed to show how the initial shot could have been unintentional and the remaining shots the result of fear and panic.
 

 “Trial counsel’s failure to present mitigating evidence in the sentencing phase was unreasonably deficient and resulted in substantial prejudice to [Lee].
 
 Baxter v. Thomas,
 
 45 F.3d 1501 (11th Cir.1995);
 
 Cave v. Singletary,
 
 971 F.2d 1513 (11th Cir.1992). To the extent that trial counsel did not present a meaningful mitigation phase case because trial counsel had not done an effective investigation, trial counsel’s failure cannot be considered a strategic decision.
 
 Wiggins v. Smith,
 
 539 U.S. 510, 123 S.Ct. 2527, 2541 (2003).
 

 “If trial counsel had put on a comprehensive case in the sentencing phase, the jury would have learned the details of [Lee’s] life, as discussed above. Hearing that information, it is likely that more jurors would have voted for life in prison without possibility of parole, which, in turn, would have resulted in the trial court not overriding the jury’s recommendation.”
 

 (C.R. 282-83.)
 

 
 *1153
 
 Lee pleaded mere conclusions without any factual basis. For instance, Lee asserted that counsel failed to present evidence of his background, but he did not specifically identify what that evidence consisted of or what witness or witnesses could have substantiated that evidence. “Conclusions unsupported by specific facts will not satisfy the requirements of Rule 82.3 and Rule 32.6(b). The full factual basis must be included in the petition itself.”
 
 Hyde v. State,
 
 950 So.2d at 356. Lee “failed to allege the names of any witnesses who would have provided relevant, admissible testimony about these allegations at trial. The failure to plead the full factual basis in support of a claim warrants summary dismissal of the claim.” See
 
 Beckworth v. State,
 
 [Ms. CR-07-0051, May 1, 2009] — So.3d -, - (Ala.Crim.App.2009). We agree with the circuit court that as to this claim Lee failed to meet the specificity requirements of Rule 32.6(b), Ala. R.Crim. P.
 

 II.
 

 Lee next argues that the circuit court erred in failing to consider the cumulative effect of counsel’s alleged errors in considering the ineffective-assistance-of-counsel claims. However, the circuit court stated in its order:
 

 “This Court has considered all of the allegations of ineffective assistance of counsel in Lee’s amended Rule 32 petition and supplement individually and concludes that no particular allegation demonstrates that [counsel’s] performances were deficient and caused Lee to be prejudiced. Because none of the allegations of ineffective assistance of counsel pleaded in Lee’s amended Rule 32 petition and supplement indicate deficient performance or prejudice in the least, Lee would not be entitled to any relief from his conviction for capital murder and attempted murder or his sentences of death and life imprisonment even if this Court were to consider them in the aggregate.
 
 See Hunt v. State,
 
 940 So.2d 1041, 1072 (Ala.Crim.App.2005).”
 

 (C.R. 1113-14.)
 

 Also, in
 
 Brooks v. State,
 
 929 So.2d 491 (Ala.Crim.App.2005), we stated:
 

 “We can find no case where Alabama appellate courts have applied the cumulative-effect analysis to claims of ineffective assistance of counsel. However, the Alabama Supreme Court has held that the cumulative effect of prosecutorial misconduct necessitated a new trial in
 
 Ex parte Tomlin,
 
 540 So.2d 668, 672 (Ala.1988) (We need not decide whether either of the two errors, standing alone, would require a reversal; we hold that the cumulative effect of the errors probably adversely affected the substantial rights of the defendant and seriously affected the fairness and integrity of the judicial proceedings.’). Also, in
 
 Ex parte Bryant,
 
 951 So.2d 724 (Ala.2002), the Supreme Court held that the cumulative effect of errors may require reversal.
 

 “If we were to evaluate the cumulative effect of the ineffective assistance of counsel claims, we would find that Brooks’s substantial rights were not injuriously affected. See
 
 Bryant
 
 and Rule 45, Ala. R.App. P.”
 

 929 So.2d at 514. The circuit court’s analysis was consistent with our holding in
 
 Brooks, supra,
 
 and for the reasons stated in this opinion we agree with those findings.
 

 III.
 

 Lee next argues that the circuit court erred in adopting the State’s proposed order dismissing his Rule 32 petition. He asserts that “the trial court’s order is not based on reasoned review of
 
 *1154
 
 the parties’ submissions.” (Lee’s brief, at p. 64.)
 

 We have repeatedly upheld a circuit court’s wholesale adoption of the State’s proposed order denying postconviction relief. As we stated in
 
 Hodges v. State,
 
 [Ms. CR-04-1226, March 23, 2007] - So.3d -(Ala.Crim.App.2007), quoting
 
 Hyde v. State,
 
 950 So.2d 344 (Ala.Crim.App.2006):
 

 “ ‘Hyde contends that the circuit court erred in adopting the State’s proposed order. Specifically, he argues that there are numerous factual and legal errors in the order that indicate that the order does not represent the court’s own independent judgment, but shows a wholesale adoption of the State’s proposed order without consideration of his claims. However, this Court has repeatedly upheld the practice of adopting the State’s proposed order when denying a Rule 32 petition for postconviction relief. See, e.g.,
 
 Coral v. State,
 
 900 So.2d 1274, 1288 (Ala.Crim.App.2004), overruled on other grounds,
 
 Ex parte Jenkins,
 
 972 So.2d 159 (Ala.2005), and the cases cited therein. “Alabama courts have consistently held that even when a trial court adopts verbatim a party’s proposed order, the findings of fact and conclusions of law are those of the trial court and they may be reversed only if they are clearly erroneous.”
 
 McGahee v. State,
 
 885 So.2d 191, 229-30 (Ala.Crim.App.2003).’
 

 “[Hyde v. State,]
 
 950 So.2d [344] at 371 [ (Ala.Crim.App.2006) ].
 

 “Thus, even when a circuit court adopts a proposed order in its entirety, the petitioner must show that the findings of fact and conclusions of law in that order are ‘clearly erroneous’ before an appellate court will reverse the order solely on the basis that the order was submitted by the State.”
 

 — So.3d at-. See also
 
 Waldrop v. State,
 
 987 So.2d 1186 (Ala.Crim.App.2007);
 
 Madison v. State,
 
 999 So.2d 561 (Ala.Crim.App.2006). For the reasons set out in this opinion, we find that the circuit court’s findings and conclusions are not clearly erroneous.
 

 IV.
 

 Lee next argues that he was deprived of the effective assistance of counsel at both the guilt phase and the penalty phase of his capital-murder trial. Specifically, he asserts that he pleaded sufficient grounds to warrant an evidentiary hearing on this claim and that the circuit court erred in summarily dismissing this claim.
 

 When reviewing claims of ineffective assistance of counsel, we apply the standard adopted by the United States Supreme Court in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance of counsel a petitioner must show: (1) that counsel’s performance was deficient; and (2) that the petitioner was prejudiced by the deficient performance.
 

 “Judicial scrutiny of counsel’s performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf.
 
 Engle v. Isaac,
 
 456 U.S. 107, 133-34 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Be
 
 *1155
 
 cause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ See
 
 Michel v. Louisiana,
 
 [350 U.S. 91] at 101 [ (1955) ]. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.”
 

 Strickland v. Washington,
 
 466 U.S. at 689, 104 S.Ct. 2052.
 

 “ ‘ “This court must avoid using ‘hindsight’ to evaluate the performance of counsel. We must evaluate all the circumstances surrounding the case at the time of counsel’s actions before determining whether counsel rendered ineffective assistance.” ’
 
 Lawhorn v. State,
 
 756 So.2d 971, 979 (Ala.Crim.App.1999), quoting
 
 Hallford v. State,
 
 629 So.2d 6, 9 (Ala.Crim.App.1992). ‘[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.’
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052.”
 

 A.G. v. State,
 
 989 So.2d 1167, 1171 (Ala.Crim.App.2007).
 

 Moreover, as we noted above,
 

 “ ‘An evidentiary hearing on a [Rule 32] petition is required only if the petition is “meritorious on its face.”
 
 Ex parte Boatwright,
 
 471 So.2d 1257 (Ala.1985). A petition is “meritorious on its face” only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true.
 
 Ex parte Boatwright,
 
 supra;
 
 Ex parte Clisby,
 
 501 So.2d 483 (Ala.1986).’ ”
 

 Bracknell v. State,
 
 883 So.2d 724, 727-28 (Ala.Crim.App.2003), quoting
 
 Moore v. State,
 
 502 So.2d 819, 820 (Ala.1986).
 

 Lee was represented at trial by attorneys Michael Jackson and Joseph Hagood III.
 

 A.
 

 First, Lee argues that the circuit court erroneously relied on the fact that the jury recommended a sentence of life imprisonment without the possibility of parole to find several of his ineffective-assistance-of-counsel claims without merit.
 

 However, the circuit court’s order does not support this claim. In fact, the circuit court stated:
 

 “This Court is aware that the fact a majority of jurors recommend that a capital defendant be sentenced to life imprisonment without the possibility of parole will not preclude a finding of ineffective assistance of counsel during the penalty phase of trial.
 
 Harris v. State,
 
 947 So.2d 1079 (Ala.Crim.App.2004) [, overruled on other grounds,
 
 Ex parte Jenkins,
 
 972 So.2d 159 (Ala. 2005)]. However, this Court also [is] aware that the fact a majority of jurors recommend that a capital defendant be sentenced to life [imprisonment] without parole can be considered as strong evidence that trial counsel were not ineffective during the penalty phase of trial.”
 

 (C. 1023-24.) The circuit court did not ignore the jury’s recommendation of life imprisonment without the possibility of parole.
 

 Next, Lee asserts that the circuit court erred in discounting the alleged omitted mitigating evidence without first allowing
 
 *1156
 
 that evidence to be formally introduced at an evidentiary hearing. Specifically, Lee questions the following portion of the circuit court’s order:
 

 “Even if the information contained in the supplement had been presented during the penalty phase and weighed with the other evidence offered in mitigation by Lee’s trial counsel it would not have persuaded this Court that the aggravating circumstance did not outweigh the mitigating circumstances.”
 

 (C.R. 1024-25.)
 

 A circuit court may summarily dismiss a postconviction petition, “[i]f, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief....”
 
 Hyde v. State,
 
 950 So.2d at 355. A court is not required to hold an evidentiary hearing but may consider all factual assertions raised in the petition to be true. If the court cannot determine whether the petitioner is entitled to relief after considering all of the factual assertions to be true, then the petitioner has failed to meet his burden of pleading pursuant to Rule 32.6(b), Ala. R.Crim. P. The circuit court’s order was consistent with Alabama law.
 

 Moreover, when evaluating claims of ineffective assistance of counsel in relation to the penalty phase of a capital-murder trial, we have stated:
 

 “ “When the ineffective assistance claim relates to the sentencing phase of the trial, the standard is whether there is “a reasonable probability that, absent the errors, the sentencer — including an appellate court, to the extent it independently reweighs the evidence — would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.”
 
 Strickland [v. Washington],
 
 466 U.S. [668,] at 695, 104 S.Ct. [2052,] at 2069 [ (1984) ].’ ”
 

 Gaddy v. State,
 
 952 So.2d 1149, 1170 (Ala.Crim.App.2006), quoting
 
 Stafford v. Saffle,
 
 34 F.3d 1557, 1564 (10th Cir.1994).
 

 B.
 

 Lee next argues that counsel’s performance was ineffective because counsel failed to investigate for the guilt phase.
 
 [2]
 
 Specifically he asserts that counsel failed to interview State witnesses, failed to obtain the assistance of a firearms expert, failed to investigate Lee’s version of the events, and failed to investigate the physical evidence.
 

 The circuit court stated the following in regard to this claim:
 

 “Lee fails to identify a single State witness by name or proffer to the Court what beneficial information his trial counsel could have discovered through pre-trial interviews.
 
 See Thomas v. State,
 
 766 So.2d 860, 892 (Ala.Crim.App.1998) (holding that ‘claims of failure to investigate must show with specificity what information would have been obtained with investigation, and whether, assuming the evidence is admissible, its admission would have produced a different result’).
 

 “The Court finds that the allegation of ineffective assistance of counsel fails to meet the specificity and full factual pleading requirements of Rule 32.6(b); therefore, it is summarily dismissed.
 

 [[Image here]]
 

 “Lee first contends that his trial counsel were ineffective for not determining if the trigger mechanism on the shotgun he used to shoot the victims could have
 
 *1157
 
 caused the gun to accidentally fire when it was being loaded. In Lee’s amended petition he contends that ‘trial counsel failed to hire an expert to examine and analyze the gun.’
 

 “During the State’s case-in-chief, Cathy Richards, an expert in firearms and tool mark examination, testified for the State. Richards testified that she examined the trigger pull on the shotgun used by Lee and determined that it took approximately six pounds of pressure to pull the trigger. Richards testified that six pounds of pressure was ‘about average’ for the particular type of gun Lee used. Lee proffers no facts in any other part of his amended Rule 32 petition that, if true, would call Richards’s testimony into question....
 

 “The Court finds that this allegation of ineffective assistance of counsel is without merit; therefore, it is denied. Rule 32.7(d), Ala.R.Crim.P.
 

 “Lee next contends that his trial counsel were ineffective for not using the surveillance videotape to support his argument that shooting the victims ‘w[as] consistent with his reaction of panic’ or to ‘ascertain whether [he] was under the influence of drugs or alcohol.’
 

 “Lee fails to state in his amended Rule 32 petition how the surveillance videotape could have been used to support an argument that Lee did not intend to fire the first shot or could have established that he was under the influence of drugs and/or alcohol at the time of the shooting. After seeing the videotape, this Court found that ‘[Lee] with cold precision and premeditation using a weapon designed for the sole purpose of extinguishing human life mercilessly gunned down [three] people who were doing nothing more than trying to earn a living. As shown vividly by the surveillance video he opened fire upon entering the door. He emptied his weapon, firing as quickly as he could, shot after shot.’ (C.R. 126) Lee proffers nothing in his amended Rule 32 petition that would conflict with this Court’s previous findings.
 

 “The Court finds that this allegation of ineffective assistance of counsel fails to meet the specificity and full factual pleading requirements of Rule 32.6(b); therefore, it is summarily dismissed.
 

 “Lee also alleges that his trial counsel were ineffective for not investigating the amounts of drugs and alcohol in his system at the time of the shootings and for failing to use the surveillance videotape ‘to ascertain whether [Lee] was under the influence of drugs or alcohol’ at the time of the robbery and murders.
 

 “The surveillance videotape showed Lee opening fire and gunning down three people as soon as he entered Ellis’s store. This Court saw nothing in the videotape that raised the slightest inference that Lee was under the influence of drugs and/or alcohol.
 

 “The Court finds that this allegation of ineffective assistance is without merit; therefore, it is denied. Rule 32.7(d), Ala. R.Crim. P.
 

 “Lee also alleges that his trial counsel should have obtained the records from the hotel where he spent the night before the shootings to ‘confirm[ ] [his] sleep deprivation and his level of intoxication and impairment, providing some supporting evidence about the events leading up to the crime.’ Lee fails, however, to proffer a single fact in his amended Rule 32 petition that, if true, would demonstrate how a hotel receipt could have possibly been used to prove he lacked sleep or could have been used to prove he was intoxicated at the time he committed the murders and attempted robbery.
 

 
 *1158
 
 “The Court finds that this allegation of ineffective assistance of counsel fails to meet the specificity and full factual pleading requirements of Rule 32.6(b), Ala. R.Crim. P.; therefore, it is summarily dismissed.”
 

 (C.R. 1028-35.)
 

 In
 
 Thomas v. State,
 
 766 So.2d 860 (Ala.Crim.App.1998), overruled on other grounds, 766 So.2d 975 (Ala.2000), we stated the following concerning claims that counsel failed to investigate:
 

 “[A] review of a claim of ineffective counsel is not triggered until the petitioner has identified specific acts or omissions.
 
 Strickland. See, e.g., Nelson v. Hargett,
 
 989 F.2d 847, 850 (5th Cir.1993) (claims of failure to investigate must show with specificity what information would have been obtained with investigation, and whether, assuming the evidence is admissible, its admission would have produced a different result).”
 

 766 So.2d at 892.
 

 1.
 

 Lee claimed that counsel was ineffective for failing to interview State witnesses. However, in this section of Lee’s amended petition he failed to identify one witness by name. Clearly, Lee failed to meet his burden of pleading in regard to this claim. See
 
 Beckworth v. State,
 
 supra.
 

 Also,
 

 “ ‘the failure to interview or take the depositions of the State’s witnesses for impeachment purposes is not prejudicial per se. See
 
 McCleskey v. Kemp,
 
 753 F.2d 877, 900 (11th Cir.1985) (en banc) (holding no prejudice shown where attorney failed to interview two of State’s witnesses and potential defense witnesses);
 
 Boykins v. Wainwright,
 
 737 F.2d 1539, 1543 (11th Cir.1984) (holding no prejudice shown where attorney failed to interview prosecution’s expert witnesses), cert. denied, [470] U.S. [1059], 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985);
 
 Solomon v. Kemp,
 
 735 F.2d 395, 402 (11th Cir.1984) (holding no prejudice shown where attorney failed to talk to all of the State’s witnesses and did not seek funds for an investigator), cert. denied, [469] U.S. [1181], 105 S.Ct. 940, 83 L.Ed.2d 952 (1985).’ ”
 

 Robitaille v. State,
 
 971 So.2d 43, 72 (Ala. Crim.App.2005), quoting
 
 Aldrich v. Wainwright,
 
 777 F.2d 630, 636-37 (11th Cir. 1985).
 

 2.
 

 Lee claimed that counsel was ineffective for not determining whether the trigger pull on the shotgun used in the murders could have accidently fired. Lee maintained that the first shot was fired accidentally. However, the record shows that the State’s firearms expert, Cathy Richards, testified that the trigger pull on the shotgun used in the murders required six pounds of pressure, which, she testified, was the average pressure necessary to fire a similar weapon. Lee asserted nothing in his amended Rule 32 petition that disputed or discredited this testimony. Neither did Lee identify any expert who could have disputed Richards’s testimony.
 

 3.
 

 Lee next claimed that counsel was ineffective for not using the surveillance videotape to support his claim that the first shot was fired accidentally. The circuit judge who presided over Lee’s trial and who was privy to all of the evidence specifically found that nothing in the videotape supported the claim that the shootings were accidental. “[A] circuit judge who has personal knowledge of the facts underlying an allegation of ineffective as
 
 *1159
 
 sistance of counsel may summarily deny that allegation based on the judge’s personal knowledge of counsel’s performance.” Par
 
 tain v. State,
 
 [Ms. CR-06-0978, August 29, 2008] — So.3d -, -(Ala.Crim.App.2008).
 

 Also, in the circuit court’s order sentencing Lee to death, the court stated: “As shown vividly by the surveillance video [Lee] opened fire upon entering the door. He emptied his weapon, firing as quickly as he could, shot after shot.” (Trial record, C.R. 126.) Moreover, Lee made the following statement to Lieutenant Roy Freine of the Dallas County Sheriffs Department:
 

 “I entered the store with the shotgun. The big man with black hair was standing near the counter and the two ladies were behind the counter. I told them it was a robbery and asked for the money. The first shot I fired accidentally and asked for the money. The shotgun was pointed at the man when it feed. I then shot both ladies.”
 

 (Trial record, p. 288.) Last, the jury viewed the videotape of the murders and could reach its own conclusions.
 

 4.
 

 Lee next claimed that counsel should have investigated the amount of alcohol and drugs in his system to support his claim that he was under the influence of drugs or alcohol at the time of the murders. The circuit court stated: “This Court saw nothing in the videotape that raised the slightest inference that Lee was under the influence of drugs and/or alcohol.” Also, in Lee’s statement to police he said nothing about drugs or alcohol but instead, he said, the first shot was accidentally fired.
 

 5.
 

 Last, Lee claimed that counsel should have obtained the records from the hotel where he spent the night before the shootings to confirm his sleep deprivation and his intoxication at the time of the shootings. As the circuit court correctly found, there were no assertions made in Lee’s amended petition as to how a hotel receipt would establish his lack of sleep or intoxication at the time of the murders. Clearly, Lee failed to meet his burden of pleading in regard to this claim. See Rule 32.6(b), Ala. R.Crim. P.
 

 Most importantly, the evidence presented against Lee in the guilt phase was overwhelming. An eyewitness testified that Lee shot the victims; a videotape of the robbery/murders showed Lee shooting the victims; and Lee confessed. In closing arguments counsel conceded that Lee committed the murders and argued that based on Dr. Donald Blanton’s testimony Lee was mentally retarded. Clearly, the above evidence would have had no impact on the jury’s verdict in the guilt phase. As the
 
 Strickland,
 
 Court noted: “[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.” 466 U.S. at 696, 104 S.Ct. 2052. See also
 
 Bieghler v. McBride,
 
 389 F.3d 701, 707 (7th Cir. 2004) (“[The defendant] cannot demonstrate that the prosecutor’s questions and comments undermined the integrity of the jury’s guilty findings in light of the substantial evidence of his guilt.”);
 
 Buehl v. Vaughn,
 
 166 F.3d 163, 172 (3d Cir.1999) (“It is firmly established that a court must consider the strength of the evidence in deciding whether the
 
 Strickland
 
 prejudice prong has been satisfied.”);
 
 Reed v. Norris,
 
 195 F.3d 1004, 1006 (8th Cir.1999) (“We find it unnecessary to discuss the reasonableness of counsel’s conduct because, given the overwhelming evidence of [defendant’s] guilt presented at trial, we find that it would be impossible for him to
 
 *1160
 
 demonstrate prejudice under
 
 Strickland.”); United States v. Royal,
 
 972 F.2d 643, 651 (5th Cir.1992) (“The overwhelming evidence of Defendant’s guilt further supports our conclusion that he suffered no prejudice as a result of his counsel’s performance.”). Accordingly, Lee could not satisfy the requirements of
 
 Strickland.
 

 C.
 

 Lee further asserts that counsel failed to investigate and present mitigating evidence, which, he says, consisted of his family history, his mental-health issues, and his substance abuse. In regard to this claim, the circuit court stated:
 

 “Lee fails to identify anyone that would have been able to testify about Lee’s alleged abuse of alcohol and drugs.
 

 [[Image here]]
 

 “Lee fails to proffer what evidence his trial counsel failed to discover that would have proven Lee had ever suffered from a mental illness or would have proven that he had ever attempted suicide. Lee fails to identify any mental health expert that would have testified that Lee had ever been diagnosed or treated for mental problems before his arrest for the robbery and capital murders in Orrville, Alabama, on December 12, 1998. Lee also fails to identify or proffer what specific evidence, e.g., hospital or other medical records, his trial counsel could have discovered that would have affirmatively proven Lee had ever attempted suicide. Lee does not even state in his amended Rule 82 petition how he supposedly tried to kill himself. Finally, Lee fails to identify any psychiatrist that would have testified favorably for him during the guilt or penalty phase of his trial.”
 

 (C.R. 1037-40.)
 

 “[C]laims of failure to investigate must show with specificity what information would have been obtained with investigation, and whether, assuming the evidence is admissible, its admission would have produced a different result.”
 
 Thomas v. State,
 
 766 So.2d at 892.
 

 As the circuit court noted in its order, Lee’s assertions in his amended petition on this issue were mere conclusions without any factual basis. As we recently stated in
 
 Beckworth v. State,
 
 [Ms. CR-07-0051, May 1, 2009] — So.3d - (Ala.Crim.App.2009):
 

 “Beckworth provided no specific facts about what information trial counsel allegedly failed to discover, and what witnesses would have provided that information to them. Beckworth also failed to allege the names of any witnesses who would have provided relevant, admissible testimony about these allegations at trial. The failure to plead the full factual basis in support of a claim warrants summary dismissal.”
 

 — So.3d at-.
 

 Moreover, evidence of Lee’s mental health and substance abuse were presented to the jury. The record of Lee’s trial
 
 [3]
 
 shows that counsel filed a motion for a mental evaluation and that Lee was transferred to Taylor Hardin Secure Medical Facility, where he was examined by Dr. Kathy Ronan, a clinical psychologist. Dr. Ronan examined Lee’s mental-state at the time of the offense and his competency to waive his
 
 Miranda
 

 [4]
 
 rights. She testified that she administered a mental status ex-
 
 *1161
 
 animation and some “items from IQ tests.” Dr. Ronan stated that it was her opinion that Lee did not suffer from a mental disease or defect nor was he mentally retarded. Van Smith, the principal at Billingsley High School where Lee had attended school, testified that Lee was taking college preparatory courses while in high school, that he made Bs and Cs, that his grades started to fall in the 11th grade, and that he did not graduate from high school. He further testified that when Lee took the high-school-graduation exit exam in the 11th grade he passed all three sections the first time.
 

 Defense counsel presented the testimony of Dr. Blanton at the guilt phase. Dr. Blanton testified that he conducted intelligence tests on Lee and that Lee’s IQ was 67, which, he said, placed him in the middle range of mental retardation.
 

 At the penalty-phase, counsel presented the testimony of Lee’s father, Lee’s mother, and his uncle. Lewis Lee, Lee’s father, testified that Lee was the third of six children, that he had always been helpful until he got involved with drugs in the ninth or tenth grade, that he had a drug problem and needed help, and that he voluntarily surrendered to police. Lee’s mother, Betty Jean Lee, testified that Lee has two sons. She asked that the jury sentence Lee to life imprisonment without parole. Walter Jackson Lee, Lee’s uncle, testified that Lee was a good child. He also asked the jury to spare Lee’s life. Counsel’s evidence and arguments were so persuasive that the jury recommended by a vote of 7 to 5 that Lee be sentenced to life imprisonment without the possibility of parole.
 

 Moreover, the evidence that Lee states should have been presented in mitigation was neither strong nor compelling. We are confident that it would have had no impact on the penalty phase proceedings. See
 
 Wiggins v. Smith,
 
 589 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).
 

 D.
 

 Lee next argues that counsel was ineffective for failing to object to the circuit court’s death-qualifying the prospective jurors. In his amended Rule 32 petition, Lee alleged that death-qualifying the veniremembers is not necessary in Alabama because the jury makes only a recommendation as to sentence and is not the ultimate sentencing authority.
 

 When denying relief on this claim, the circuit court stated:
 

 “The Court concludes it is nothing more than Lee’s self-serving opinion that the questioning of the venire was improper. While he makes general references to the United States and Alabama constitutions, Lee cites to no specific legal authority that his trial counsel could have presented at trial or that could have been considered by the Alabama Court of Criminal Appeals on direct appeal that would have supported a claim the voir dire by this Court and the parties was in any way improper or inadequate. Further, the Court finds that the fact the jury recommended that Lee be sentenced to life imprisonment without parole is a strong indication that Lee’s trial counsel were extremely effective during voir dire.”
 

 (C.R. 1057.)
 

 In
 
 Lockhart v. McCree,
 
 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), the United States Supreme Court held that veniremembers in a capital-murder trial may be “death qualified” to determine their "views on capital punishment. The appellate courts in Alabama have repeatedly applied the holding in
 
 Lockhart.
 
 As this Court stated in
 
 Sockwell v. State,
 
 675 So.2d 4 (Ala.Crim.App.1993):
 

 
 *1162
 
 “In
 
 Lockhart v. McCree,
 
 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), the Supreme Court held that the Constitution does not prohibit states from ‘death qualification’ of juries in capital cases and that so qualifying a jury does not deprive a defendant of an impartial jury. 476 U.S. at 173, 106 S.Ct. at 1764. Alabama Courts have consistently held likewise. See
 
 Williams v. State,
 
 556 So.2d 737 (Ala.Crim.App.1986), rev’d in part, 556 So.2d 744 (Ala.1987);
 
 Edwards v. State,
 
 515 So.2d 86, 88 (Ala.Crim.App.1987);
 
 Martin v. State,
 
 494 So.2d 749 (Ala.Crim.App.1985).”
 

 675 So.2d at 18. Lee was due no relief on this claim.
 

 E.
 

 Lee next argues that counsel was ineffective for failing to object to the State’s alleged inflammatory statements during voir dire examination.
 

 A review of Lee’s amended Rule 32 petition shows that this issue was not presented in Lee’s petition. Thus, it is not properly before this Court because it is raised for the first time on appeal. “ ‘[A]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.’ ”
 
 English v. State,
 
 10 So.3d 620, 621 (Ala.Crim.App.2007), quoting
 
 Arrington v. State,
 
 716 So.2d 237, 239 (Ala.Crim.App.1997).
 

 However, Lee did assert in his amended Rule 32 petition that counsel was ineffective for failing to object to the “trial court’s” statements during voir dire examination which, he said, mischaracterized Lee’s case.
 

 The circuit court stated the following in regard to this claim:
 

 “On direct appeal, the Alabama Court of Criminal Appeals specifically held that ‘[t]he trial court’s instructions [to the jury venire] did not improperly characterize [Lee].’
 
 Lee v. State,
 
 898 So.2d at 834. The Alabama Court of Criminal Appeals also rejected Lee’s argument that statements by this Court concerning the types of murder that expose a capital defendant to the death penalty were misleading, holding that because the jury recommended Lee be sentenced to life without parole ‘error, if any, in the trial court’s statements was harmless.’
 
 Id.
 
 at 834-845. The Alabama Court of Criminal Appeals also held this Court did not diminish the venire-members’ sense of responsibility by informing them the trial would only take two or three days and that jurors would not be sequestered during the trial, holding that ‘the trial court simply gave the veniremembers details about their potential service in this case.’
 
 Id.
 
 There is no reasonable probability that had trial counsel objected to the Court’s instructions the outcome of his trial or direct appeal would have been different.
 

 “Based on the law in Alabama and the holdings of the Alabama Court of Criminal Appeals on Lee’s direct appeal, the Court finds that the allegations of ineffective assistance of counsel are without merit; therefore, they are denied. Rule 32.7(d), Ala. R.Crim. P.”
 

 (C.R. 1059-60.)
 

 On appeal, Lee argues that the circuit court erroneously relied on our decision in
 
 Taylor v. State,
 
 10 So.3d 1037 (Ala.Crim.App.2004), to bar these claims. In
 
 Taylor
 
 we held that a finding of no plain error on direct appeal foreclosed a finding of prejudice under
 
 Strickland v. Washington.
 
 However, our decision in
 
 Taylor
 
 was reversed by the Alabama Supreme Court in
 
 Ex parte Taylor,
 
 10 So.3d 1075 (Ala.2005). In
 
 Taylor,
 
 the Supreme Court stated:
 

 
 *1163
 
 “Although it may be the rare case in which the application of the plain-error test and the prejudice prong of the
 
 Strickland [v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] test will result in different outcomes, a determination on direct appeal that there has been no plain error does not automatically foreclose a determination of the existence of the prejudice required under
 
 Strickland
 
 to sustain a claim of ineffective assistance of counsel.”
 

 10 So.3d at 1078. The Supreme Court did not hold in
 
 Ex parte Taylor
 
 that a finding of no plain error is not relevant or cannot be considered.
 

 Indeed, here the circuit court did not rely solely on our finding of no plain error on direct appeal but considered it as “one factor.” “[A finding of no plain error] is one factor to be assessed when determining whether counsel’s performance was ineffective....” See
 
 Fortenberry v. State,
 
 659 So.2d 194, 200 (Ala.Crim.App.1994). (Emphasis added.) The circuit court’s findings do not conflict with the Supreme Court’s decision in
 
 Ex parte Taylor,
 
 supra, and we agree with its findings.
 

 F.
 

 Lee further argues that counsel was ineffective for failing to remove jurors who, he argues, were biased against him. He identifies the following jurors: Juror H.W.
 
 [5]
 
 was robbed at gunpoint at a convenience store; juror R.M. was the victim of a crime and knew a crime victim; and juror J.B. was a Selma police officer. Lee relies on
 
 State v. Terry,
 
 601 So.2d 161 (Ala.Crim.App.1992), to support his argument that counsel’s failure to move to strike these jurors constituted ineffective assistance of counsel.
 

 In
 
 Terry,
 
 this Court held that Terry was denied the effective assistance of counsel when his attorney failed to move to strike for cause a juror who indicated during voir dire that she would “tend to side with the State in considering the evidence.” We stated: “This error of trial counsel is clearly unjustifiable as any matter of trial strategy, and a different outcome of the trial probably would have resulted but for [counsel’s] error in leaving a biased juror.” 601 So.2d at 164.
 

 The circuit court stated the following in regard to this claim:
 

 “Lee first alleges that his trial counsel were ineffective ‘for failing to make a for-cause challenge or peremptory challenge against juror [H.W.] According to Lee, [H.W.] was biased against Mr. Jackson [defense counsel] because Jackson had presided in a case in Selma Municipal Court in which [H.W.] was a party. Lee also points out that [H.W.] had been a victim of a crime of violence.
 

 “During general voir dire of the entire venire the prosecutor asked if anyone knew Jackson and [H.W.] responded. The prosecution also asked if [H.W.] or anyone else that responded knew or had heard of Mr. Jackson, could not serve and be fair to Lee and the State. No one responded. This Court recalls nothing occurring during voir dire raising the slightest indication that [H.W.] had any animosity toward Mr. Jackson or toward Lee. There is nothing in the trial record, and Lee proffers nothing in his amended Rule 32 petition, indicating [H.W.] had any animosity toward Jackson. Further, nothing in Lee’s amended Rule 32 raises the slightest inference that [H.W.] had been interviewed by anyone on behalf of Lee and had indicated his experience with Jackson had any
 
 *1164
 
 effect on his jury service. Lee has proffered no facts his trial counsel could have presented that would have required this Court to grant a for-cause challenge against [H.W.]. Lee also fails to proffer any facts to establish he was prejudiced because his trial counsel did not exercise a peremptory strike against [H.W.].
 

 “The Court finds that this allegation of ineffective assistance of counsel fails to meet the specificity and full factual pleading requirements of Rule 32.6(b); therefore, it is summarily dismissed.
 

 “Lee next alleges that his trial counsel were ineffective for ‘failing to make for-cause challenge or peremptory challenge against juror [R.M.]’ Lee’s only attempt to support this allegation is to point out that [R.M.]’s cousin had been a murder victim, that [R.M.] had been the victim of property crimes, and that [R.M.] knew the District Attorney and one of the victims.
 

 “The fact that [R.M.]’s relative was murdered and that [R.M.] knew one of the victims would not have supported a challenge for-cause.... In response to Mr. Jackson’s specific question, [R.M.] and all of the other veniremembers that had indicated they knew the prosecutor also indicated that they could listen to the evidence and render a fair and impartial verdict. Lee proffers no facts in his amended Rule 32 petition that his trial counsel could have presented that would have supported a for-cause challenge against [R.M.].
 

 “Lee also proffers no specific facts in his amended Rule 32 petition that, if true, would establish his trial counsel’s failure to use a peremptory strike to remove [R.M.] caused Lee to be prejudiced. Lee instead merely refers to some of [R.M.]’s answers during voir dire and makes the entirely conclusory assertion that ‘[e]ffective counsel would not leave [R.M.] on the jury.’
 

 “The Court finds that this allegation of ineffective assistance of counsel fails to meet the specificity and full factual pleading requirements of Rule 32.6(b); therefore, it is summarily dismissed.
 

 “Lee also alleges that his trial counsel were ineffective for ‘failing to make a for-cause challenge or peremptory challenge against juror [J.B.]’ Lee contends that [J.B.] could not fairly deliberate because he was a member of the Selma Police Department.
 

 “[J.B.]’s occupation as a Selma police officer would not have supported a for-cause challenge.... Further, Lee proffers no specific facts in his amended Rule 32 petition that, if true, would establish his trial counsel’s failure to use a peremptory strike to remove [J.B.] caused Lee to be prejudiced.
 

 “The Court finds that this allegation of ineffective assistance of counsel fails to meet the specificity and full factual pleading requirements of Rule 32.6(b); therefore, it is summarily dismissed.”
 

 (C.R. 1060-64.)
 

 The circuit court correctly found that this claim was not sufficiently pleaded because Lee failed to plead how he was prejudiced by counsel’s failure to use his peremptory strikes to remove these three jurors. See
 
 Beckworth v. State,
 
 supra. Lee did not allege that any of the jurors were actually biased against him and, unlike
 
 Terry,
 
 the record of the voir dire examination shows that the three jurors indicated that they had no bias against Lee nor were they biased in favor of the State. As the Mississippi Supreme Court stated in
 
 Le v. State,
 
 913 So.2d 913 (Miss.2005):
 

 “The Fifth Circuit Court of Appeals considers an attorney’s actions during voir dire to be a matter of trial strategy, which ‘cannot be the basis for a claim of
 
 *1165
 
 ineffective assistance of counsel unless counsel’s tactics are shown to be “so ill chosen that it permeates that entire trial with obvious unfairness.’”
 
 Teague v. Scott,
 
 60 F.3d 1167, 1172 (5th Cir.1995) (quoting
 
 Garland v. Maggio,
 
 717 F.2d 199, 206 (5th Cir.1983)). Federal courts have held that an attorney’s failure to exercise peremptory challenges does not give rise to a claim of ineffective assistance of counsel absent a showing that the defendant was prejudiced by the counsel’s failure to exercise the challenges.
 
 United States v. Taylor,
 
 832 F.2d 1187 (10th Cir.1987). See also
 
 Mattheson v. King,
 
 751 F.2d 1432, 1438 (5th Cir.1985).”
 

 913 So.2d at 954.
 

 For the reasons stated in the circuit court’s detailed order, Lee was due no relief on this claim.
 

 G.
 

 Next, Lee argues that counsel was ineffective for eliciting testimony from a defense expert, Dr. Donald Blanton, a professional counselor and certified psy-chometrist, about Lee’s mental health because, he argues, it was based on hearsay evidence. He further asserts that Dr. Blanton opened the door to the State’s questioning Dr. Kathy Ronan, a clinical psychologist, about Lee’s mental health. Lee also asserts that counsel should have presented the testimony of a qualified mental-health expert and not Dr. Blanton.
 

 The record shows that defense counsel called Dr. Blanton to testify at the guilt phase of the trial. Dr. Blanton testified that he conducted intelligence tests on Lee and that Lee’s IQ was 67, which, he said, placed him in the middle range of mental retardation. In rebuttal the State called Dr. Ronan, who testified that in her opinion Lee was not mildly retarded but had exaggerated the test results.
 

 In denying relief on this claim, the circuit court stated:
 

 “Lee contends that his trial counsel were ineffective for ‘not objecting] to Dr. Ronan’s testimony on her opinions that [Lee] did not suffer from a major illness during the time of the offense or on her view that [Lee’s] test results were inconsistent with [his] academic performance.’
 

 “On direct appeal, Lee argued that this Court improperly allowed Dr. Ro-nan to testify based on inadmissible hearsay and other collateral sources that were not admitted into evidence.
 
 Lee v. State,
 
 898 So.2d at 809. After reviewing and summarizing Ronan’s testimony, the Alabama Court of Criminal Appeals held that:
 

 “ ‘In this case, Dr. Ronan testified that she followed protocol in obtaining and reviewing information about the case and [Lee’s] background from the prosecution and the defense. Also, she testified that she did not see Dr. Blanton’s report until the day of the trial. Therefore, she did not use that report in evaluating [Lee]. Further, she testified about what testing and evidence she relied on and how she reached her conclusions, and the defense thoroughly cross-examined her. Finally, other witnesses refuted Dr. Blanton’s testimony that there was something wrong with [Lee]. Therefore, we do not find that allowing Dr. Ronan to give opinion testimony rose to the level of plain error.’
 

 “Id.
 
 at 811. Even if Lee’s trial counsel had objected to Ronan’s opinion testimony, this Court is convinced there is no reasonable probability the outcome of Lee’s direct appeal would have been different.
 
 See Ex parte Thomas,
 
 766 So.2d 975, 979 (Ala.2000) (holding that Thomas was not prejudiced by his trial counsel’s
 
 *1166
 
 failure to preserve for appellate review the trial court’s failure to instruct the jury on the lesser included offense of manslaughter because even a preserved-error review of that particular error would not have entitled him to a reversal and a new trial).
 

 “The Court finds that the allegations of ineffective assistance of counsel are without merit; therefore, they are denied. Rule 32.7(d), Ala. R.Crim. P.
 

 “Lee contends that his trial counsel were ineffective because, according to Lee, they ‘opened the door to Dr. Ronan testifying about mental illness’ by asking Dr. Blanton to comment on this subject.
 

 “[Defense counsel] faced a daunting task during the guilt phase of Lee’s trial in light of the overwhelming evidence against him, including: 1) survivor Helen King’s eyewitness testimony; 2) the fact that the murders and attempted murder were recorded by a surveillance video camera; and 3) Lee’s inculpatory statement to Lt. Roy Freine. From Mr. [Michael] Jackson’s guilt phase opening statement, it is obvious to this Court that he and Mr. [Joseph] Hagood were trying to convince the members of the jury to convict Lee of something less than capital murder in order to keep Lee from being exposed to a possible death sentence. Dr. Blanton administered numerous tests and testified that Lee’s I.Q. score of 67 placed him in the range of mild mental retardation. Blan-ton also testified that Lee’s skills in math, reading, and spelling were low when compared to others. Under the facts of this case, this Court finds that Jackson’s and Hagood’s guilt phase strategy was entirely reasonable. Lee fails to proffer any facts in his amended Rule 32 petition that, if true, would establish a psychiatrist, psychologist, or any other mental health expert would have given more favorable testimony than Dr. Blanton.
 

 “The Court finds that this allegation of ineffective assistance of counsel is without merit; therefore, it is denied. Rule 32.7(d), Ala. R.Crim. P.”
 

 (C.R. 1066-72.)
 

 On direct appeal, this Court specifically stated:
 

 “In this case, Dr. Ronan testified that she followed protocol in obtaining and reviewing information about the case and [Lee’s] background from the prosecution and the defense. Also, she testified that she did not see Dr. Blanton’s report until the day of the trial. Therefore, she did not use that report in evaluating [Lee], Further, she testified about what testing and evidence she relied on and how she reached her conclusions, and the defense thoroughly cross-examined her. Finally, other witnesses refuted Dr. Blanton’s testimony that there was something wrong with [Lee]. Therefore, we do not find that allowing Dr. Ronan to give opinion testimony rose to the level of plain error.”
 

 Lee,
 
 898 So.2d at 811. We noted in our opinion on direct appeal that there was no indication that Dr. Ronan considered illegal evidence in reaching her conclusion about Lee’s mental health. Thus, even if there had been an objection, there would have been no reversible error. “[Bjecause the underlying claims have no merit, the fact that [the defendant’s] lawyer did not raise those claims cannot have resulted in any prejudice to [the defendant].”
 
 Magwood v. State,
 
 689 So.2d 959, 974 (Ala.Crim.App.1996).
 

 Moreover, Lee failed to identify in his amended petition any expert who could have refuted Dr. Blanton’s testimony or testified more favorably for Lee. “We have held that a petitioner fails to meet the specificity requirements of Rule 32.6(b),
 
 *1167
 
 Ala. R.Crim. P., when the petitioner fails to identify an expert by name or plead the contents of that expert’s expected testimony.”
 
 Smith v. State,
 
 [Ms. CR-05-0561, September 26, 2008]-So.3d-,-(Ala.Crim.App.2008).
 

 Also, it is clear that defense counsel’s strategy from the beginning was to challenge Lee’s mental health. At arraignment Lee pleaded not guilty by reason of mental disease or defect, and he moved for a mental evaluation before trial.
 
 [6]
 
 As we noted in our opinion on direct appeal: “[Lee] clearly based his defense on a contention that there was something wrong with his mental condition.”
 
 Lee v. State,
 
 898 So.2d at 820. Lee placed his mental health at issue by pleading not guilty by reason of mental disease or defect.
 

 Lee next argues in the section of his brief addressing this argument that counsel was ineffective for admitting the incorrect school records in the guilt phase of Lee’s trial.
 

 The record shows that Van Smith, the principal of Billingsley High School where Lee had attended high school, testified for the State in rebuttal. On cross-examination, defense counsel asked Smith about Lee’s scores on the Stanford Achievement Test and showed him a paper that purported to be Lee’s test scores. Smith indicated that the paper did not contain Lee’s test scores, and defense counsel moved to withdraw the exhibit. Counsel also indicated that the school had sent him the wrong test scores. However, Smith did testify that Lee had a low score on that test.
 

 In addressing this claim, the circuit court stated:
 

 “Lee completely ignores that although his trial counsel may have made a mistake concerning the introduction of Lee’s school records they presented other testimony and evidence about Lee’s academic performance and abilities. Dr. Blanton identified numerous tests that he gave Lee and testified about his findings concerning Lee’s I.Q. and his findings concerning Lee’s academic abilities. Further, Van Smith, the principal of Billingsley High School, testified that Lee’s 12th grade year was his worst year academically and that Lee did not finish high school.
 

 “Based on the evidence introduced by his trial counsel, the Court finds the allegation of ineffective assistance of counsel is without merit; therefore, it is denied. Rule 32.7(d), Ala. R.Crim. P.”
 

 (C.R. 1087-88.) We agree with the circuit court’s findings. “ ‘An accused is not entitled to error-free counsel.’”
 
 Stringfellow v. State,
 
 485 So.2d 1238, 1243 (Ala.Crim.App.1986), quoting
 
 Phelps v. State,
 
 439 So.2d 727, 735 (Ala.Crim.App.1983). “ ‘Even if counsel committed what appears in retrospect to have been a tactical error, that does not automatically mean that petitioner did not receive an adequate defense in the context of the constitutional right to counsel.’ ”
 
 Hutchins v. State,
 
 568 So.2d 395, 396 (Ala.Crim.App.1990), quoting
 
 Ex parte Lawley,
 
 512 So.2d 1370, 1373 (Ala.1987). Lee was due no relief on this claim.
 

 H.
 

 Lee asserts that counsel failed to object to misleading and improper jury instruc
 
 *1168
 
 tions. In his brief, Lee’s two-paragraph argument fails to cite to any specific jury instructions but merely references page numbers in the record.
 

 The circuit court stated the following concerning this claim:
 

 “On direct appeal, Lee raised numerous claims that this Court’s jury instructions during the guilt and penalty phase were improper. Concerning this Court’s guilt phase jury instructions, the Alabama Court of Criminal Appeals held that those instructions were proper.
 
 Lee v. State,
 
 898 So.2d at 836-842. The Court of Criminal Appeals also found that the evidence presented at trial did not support a jury instruction on: 1) non-intentional murder with regard to the killing of Elaine Thompson; 2) the lesser included offense of robbery; or 3) intoxication.
 
 Id.
 
 at 837-839. The Alabama Court of Criminal Appeals also found that if there was any error in this Court’s penalty phase jury instructions it was harmless because the jury recommended that Lee be sentenced to life imprisonment without parole.
 
 Id.
 
 at 864. The Court finds that there is no reasonable probability that had his trial counsel objected to this Court’s jury instructions the outcome of his trial or direct appeal could have been different.
 
 See Ex parte Thomas,
 
 766 So.2d 975, 979 (Ala.2000) (holding that Thomas was not prejudiced by his trial counsel’s failure to preserve for appellate review the trial court’s failure to instruct the jury on the lesser included offense of manslaughter because even a preserved-error review of that particular error would not have entitled him to a reversal and a new trial).”
 

 (C.R. 1096-97.) The circuit court’s findings are supported by the record.
 

 On direct appeal, we found that even if there was error in the jury instructions in the penalty phase, the error, based on the jury’s recommendation, was harmless. As we stated previously: “Harmless error does not rise to the level of the prejudice required to satisfy the
 
 Strickland [v. Washington,
 
 466 U.S. 668 (1984),] test.”
 
 Gaddy v. State, 952
 
 So.2d 1149, 1160 (Ala.Crim.App.2006). Accordingly, Lee could not have satisfied the requirements of
 
 Strickland.
 

 I.
 

 Lee next asserts that his counsel was ineffective for conceding in their arguments to the jury that Lee was guilty of murder without first obtaining Lee’s consent. He asserts that there was no strategic benefit to the concession and that Lee had the right to control critical aspects of his defense. Lee further argues that defense counsel’s failure to consult with him amounted to ineffective assistance of counsel per se.
 

 In addressing this claim, the circuit court stated:
 

 “Lee’s complaint appears to be that his trial counsel did not discuss with him their strategic decision of admitting his limited guilt during guilt phase closing argument in the hope of persuading the jury to convict Lee of something less than capital murder. Lee attempts to distinguish his case and the United States Supreme Court decision in
 
 Florida v. Nixon,
 
 [543 U.S. 175,] 125 S.Ct. 551 (2004). In
 
 Florida v. Nixon,
 
 the Supreme Court held that Nixon’s trial counsel was not ineffective for admitting his guilt during the guilt phase of his capital murder trial after trial counsel had tried, unsuccessfully, to gain Nixon’s consent.
 

 “Unlike the case in
 
 Nixon,
 
 Lee’s trial counsel did not concede during the guilt phase that Lee was guilty of capital murder — trial counsel, in the face of
 
 *1169
 
 overwhelming evidence, attempted to establish Lee’s limited guilt in order to avoid a possible death sentence. In
 
 Taylor v. State,
 
 [10 So.3d 1037] (Ala.Crim.App.2004), rev’d in part on other grounds,
 
 Ex parte Taylor,
 
 [10 So.3d 1075] (Ala.2005), the Alabama Court addressed a strikingly similar issue. In
 
 Taylor
 
 the Alabama Court of Criminal Appeals specifically held that ‘it is not per se ineffective assistance for counsel to concede a client’s limited guilt.’
 
 Id.
 
 at 1058. Like Taylor’s defense counsel, Lee’s trial counsel faced the daunting task of representing a client in the face of overwhelming evidence, which included Lee’s inculpatory statement to law enforcement, the eye-witness testimony of a surviving attempted murder victim, and a surveillance videotape of Lee’s actions in the pawnshop. The fact that trial counsel’s strategy was unsuccessful in no way demonstrates that they were ineffective.
 
 See Payne v. State,
 
 791 So.2d 383, 405 (Ala.Crim.App.1999) (holding that ‘[a] defense attorney is not ineffective solely because his client is sentenced to death’).
 

 “Having seen and heard the overwhelming evidence presented during the guilt phase of Lee’s trial and having heard trial counsel’s closing arguments, the Court finds that the allegation of ineffective assistance is without merit; therefore, it is denied. Rule 32.7(d), Ala. R.Crim. P.”
 

 (C.R. 1093-95.) The circuit court’s findings are consistent with the law.
 

 In
 
 Florida v. Nixon,
 
 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004), the United States Supreme Court stated:
 

 “Attorneys representing capital defendants face daunting challenges in developing trial strategies, not least because the defendant’s guilt is often clear. Prosecutors are more likely to seek the death penalty, and to refuse to accept a plea to a life sentence, when the evidence is overwhelming and the crime heinous. See Goodpaster,
 
 The Trial for Life; Effective Assistance of Counsel in Death Penalty Cases,
 
 58 N.Y.U.L.Rev. 299, 329 (1983). In such cases, ‘avoiding execution [may be] the best and only realistic result possible.’ ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases § 10.9.1, Commentary (rev.ed. 2003), reprinted in 31 Hofstra L.Rev. 913,1040 (2003).
 

 [[Image here]]
 

 “To summarize, in a capital case, counsel must consider in conjunction both the guilt and penalty phases in determining how best to proceed. When counsel informs the defendant of the strategy counsel believes to be in the defendant’s best interest and the defendant is unresponsive, counsel’s strategic choice is not impeded by any blanket rule demanding the defendant’s explicit consent. Instead, if counsel’s strategy, given the evidence bearing on the defendant’s guilt, satisfies the
 
 Strickland
 
 standard, that is the end of the matter; no tenable claim of ineffective assistance would remain.”
 

 543 U.S. at 191-92, 125 S.Ct. 551.
 

 “Although Alabama has had little occasion to address whether counsel renders deficient performance by conceding guilt, we have held that it is not per se ineffective assistance for counsel to concede a client’s limited guilt.”
 
 Taylor v. State,
 
 10 So.3d at 1058. See also
 
 Commonwealth v. Steele,
 
 599 Pa. 341, 386, 961 A.2d 786, 812 (2008) (“In
 
 Nixon,
 
 the High Court reiterated that
 
 [United States v.] Cronic,
 
 [466 U.S. 648 (1984) and the presumed prejudice standard] is limited to situations where counsel’s failure is complete, i.e., where ‘counsel has entirely failed to func
 
 *1170
 
 tion as the client’s advocate.’ ”);
 
 Sage v. State,
 
 905 So.2d 1039, 1041 (Fla.App.2005) (“[T]he defendant must show that counsel’s concession strategy was ‘unreasonable.’ ”).
 

 Contrary to Lee’s assertions, this case is governed by
 
 Florida v. Nixon;
 
 thus, there was no presumption of prejudice when counsel conceded Lee’s guilt. In light of the overwhelming evidence presented against Lee, counsel’s strategy was not unreasonable. According to
 
 Florida v. Nixon,
 
 “no tenable claim of ineffective assistance would remain.” 543 U.S. at 192, 125 S.Ct. 551.
 

 J.
 

 Lee asserts that counsel was ineffective for not consulting with him about his right to testify in the penalty phase. When denying relief on this claim, the circuit court stated:
 

 “Lee contends that his trial counsel ‘failed to advise and prepare [him] for the one and only opportunity that he would have to address the [C]ourt and the victims.’ However, Lee fails to proffer what testimony his trial counsel could have elicited from him at the judicial sentencing that would have been so compelling it could have caused this Court not to override the jury’s recommendation.
 

 “The Court finds that the allegation of ineffective assistance of counsel fails to meet the specificity and full factual pleading requirements of Rule 32.6(b); therefore, it is summarily dismissed.”
 

 (C.R. 1102-03.) We agree with the circuit court that Lee failed to meet his burden of pleading in regard to this claim. Lee failed to not only plead sufficient facts, but also failed to plead prejudice. See
 
 Beckworth v. State, supra.
 

 Also, the record of Lee’s trial shows the following discussion in the penalty phase:
 

 “[Defense counsel]: For the record, Judge, defense is not going — the defense suggested to the defendant that he not testify and we consulted, [defense counsel] for the record, and [counsel], consulted with him and based on our consultation, he agreed with that. You agree with what I just said, Jeffrey?
 

 “[Defendant]: Yes, sir.”
 

 (Trial record, p. 318.) This claim is not supported by the record.
 

 K.
 

 Lee next argues that the circuit court erred in denying his claim that counsel erred in failing to object to instances of prosecutorial misconduct. Lee’s argument in brief consists of merely one paragraph that fails to identify any specific argument made by the prosecutor. See Rule 28, Ala. RApp. P.
 

 The circuit court stated the following concerning this claim:
 

 “On direct appeal, Lee identified 11 instances of alleged prosecutorial misconduct. Concerning issues of prosecu-torial misconduct during the guilt phase, the Alabama Court of Criminal Appeals found that the prosecutor’s comments were either permissible comments on the evidence, were permissible comments on Lee’s motive to commit murder, were appeals for law enforcement, were appropriate reply-in-kind comments, or did not amount to any error, plain or otherwise.
 
 Lee v. State,
 
 898 So.2d at 820-830. The Alabama Court of Criminal Appeals also found that any claim of prosecutorial misconduct during the penalty phase was without merit because the jury recommended that Lee be sentenced to life imprisonment without parole.
 
 Lee v. State,
 
 898 So.2d at 830 (holding that ‘error, if any, in the prosecutor’s actions during the penalty phase was harmless’ because ‘the jury
 
 *1171
 
 recommended a sentence of imprisonment for life without the possibility of parole’). Finally, the Alabama Court of Criminal Appeals found that Lee’s claim that the cumulative effect of the prosecutor’s alleged misconduct required reversal ‘[was] without merit.’
 
 Id.
 
 at 830.
 

 “Because none of the prosecutor’s comments identified by Lee on direct appeal were improper or were, at most, harmless, the Court finds that the allegations of ineffective assistance of counsel are without merit; therefore, they are denied. Rule 32.7(d), Ala. R.Crim. P.”
 

 (C.R. 1090-91.)
 

 On direct appeal, we specifically found that if any error occurred in the prosecutor’s comments, it was harmless given that the jury recommended a sentence of life imprisonment without parole. “Harmless error does not rise to the level of the prejudice required to satisfy the
 
 Strickland, [v. Washington,
 
 466 U.S. 668 (1984),] test.”
 
 Gaddy v. State,
 
 952 So.2d 1149, 1160 (Ala.Crim.App.2006). Accordingly, Lee could not satisfy the requirements of
 
 Strickland.
 

 L.
 

 Lee further argues that counsel was ineffective for not objecting to the circuit court’s jury instructions on aggravating circumstances and the instructions concerning the jury’s advisory role in sentencing.
 

 These two issues are raised for the first time on appeal and are not properly before this Court. “An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.”
 
 Arrington v. State,
 
 716 So.2d 237, 239 (Ala.Crim.App.1997).
 

 M.
 

 Lee next argues that counsel was ineffective for failing to move for the trial judge to recuse himself from the case.
 
 [7]
 
 Specifically, he asserts that counsel should have moved for the trial judge to recuse himself because: (1) One of the victims had worked at the courthouse and he knew the victim; (2) it was impossible for the judge to be unbiased when he was privy to information at the suppression hearing and in the report of the doctor’s mental evaluation of Lee; and (3) defense counsel had recently opposed the trial judge in his last judicial election.
 

 In the circuit court’s order denying this claim, the court cited a detailed order that it had issued in the postconviction proceeding regarding a similar motion. Postcon-viction counsel moved that Judge Meigs recuse himself from presiding over the Rule 32 proceedings and listed the same grounds as those stated in this Rule 32 proceeding. In the circuit court’s order denying the motion, the circuit court stated:
 

 “The petitioner contends that ‘one of the victims, Jimmy Ellis, worked at the courthouse essentially as an officer of the court, and thus, Mr. Ellis was frequently at the courthouse and in the presence of Judge Meigs.’ While Mr. Ellis was a bailbondsman, he did not work at the Courthouse. He did occasionally come to the Courthouse as do many citizens. If a judge were required to recuse because of being acquainted with a victim in a case, judges would not be able to hear many cases. The fact that Mr. Ellis had a bonding company and that the undersigned was acquainted with him had no effect on any ruling
 
 *1172
 
 in the case and there is no basis for recusal.
 

 “The petitioner contends that because the undersigned presided over the suppression hearing that recusal is required. Other than the fact that a suppression hearing was held, the undersigned recalls few details about it. Again, if recusal were required every time a judge conducted a suppression hearing, judges would not be able to hear many cases. This ground is baseless and is no reason for recusal.
 

 “The fact that a copy of Dr. Ronan’s report was received by the undersigned as a result of a court ordered evaluation, caused by the defendant’s claim of a mental disease or defect, is no reason for recusal. The report was ordered and received pursuant to the Alabama Rules of Criminal Procedure and had no effect on the undersigned’s ability to preside over the case and continues to have no such effect. The report was rendered pursuant to Rule 11.8(c) of the Alabama Rules of Criminal Procedure. That rule requires that the Department of Mental Health and Mental Retardation submit a report to the circuit judge containing an opinion of whether the defendant is ‘incompetent’ among other things.
 

 “The fact that one of the defendant’s trial counsel ran unsuccessfully against the undersigned almost 2 years prior to the trial in this case had no effect on the conduct of the trial and will have no effect on the undersigned’s ability to preside fairly and impartially over the Rule 32 proceeding. The fact that the victims and members of the community were outspoken had no effect. Any judge might possibility be concerned about community reaction. That allegation could be made in any case. However, the undersigned denies that it had any effect and the defendant’s unfounded, baseless allegation that the undersigned would ignore his oath of office is utterly without merit.”
 

 (C.R. 448-49.)
 

 Canon 3.C.(1), Alabama Canons of Judicial Ethics, governs when a trial judge is required to recuse himself or herself from a case. The Canon states, in pertinent part:
 

 “(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 

 “(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 

 “(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it;
 

 “(c) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings;
 

 “(d) He or his spouse, or a person within the fourth degree of relationship to either of them, or the spouse of such a person:
 

 “(i) Is named a party to the proceeding, or an officer, director, or trustee of a party;
 

 “(ii) Is known by the judge to have an interest that could be substan
 
 *1173
 
 tially affected by the outcome of the proceeding;
 

 “(iii) Is to the judge’s knowledge likely to a material witness in the proceeding.”
 

 The Canons do not require a judge to recuse himself or herself when the judge knows a victim. If this were true judges in small rural counties would seldom, if ever, be qualified to preside over a criminal case. See
 
 Clemmons v. State,
 
 469 So.2d 1324, 1326 (Ala.Crim.App.1985) (“That the trial judge and victim knew each other and possibly enjoyed a friendship both professionally and socially is not reason enough to require the judge to recuse himself”).
 

 Also, a trial judge is not required to recuse himself or herself because the judge is privy to information not in possession of the jury. “The judge’s bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case.”
 
 Stewart v. State,
 
 730 So.2d 1203, 1240-41 (Ala.Crim.App.1996).
 

 Moreover, a judge is not disqualified to preside over a case where one of the attorneys unsuccessfully ran against the judge in a previous judicial election. As the Alabama Supreme Court stated in
 
 Jones v. Kassouf & Co., P.C.,
 
 949 So.2d 136, 144-45 (Ala.2006):
 

 “ ‘In
 
 Reach v. Reach,
 
 378 So.2d 1115, 1117 (Ala.Civ.App.1979), cert. denied,
 
 Ex parte Reach,
 
 378 So.2d 1118 (Ala.1980), the appellant moved the trial judge to recuse himself because defense counsel was a political opponent of the trial judge when the judge last ran for office and because the appellant was defense counsel’s campaign manager. The Court of Civil Appeals upheld the trial court’s denial of the motion, stating:
 

 “ ‘ “Canon 3(C)(1) provides in part that a judge should recuse himself in a proceeding in which his impartiality might reasonably be questioned in instances where he has personal bias or prejudice concerning a party. Canon 3(C)(1)(a), Canons of Judicial Ethics (1976). Such prejudice is not presumed.
 
 Wells v. Wells,
 
 Ala Civ.App., 346 So.2d 442, cert. denied, Ala., 346 So.2d 444 (1977); and
 
 it is encumbent on the moving party to prove that the bias is of a personal nature. Pannell v. State,
 
 Ala.Crim.App., 356 So.2d 219, cert. denied, 356 So.2d 222 ([Ala.] 1977).” ’
 

 “Clontz v. State,
 
 531 So.2d 60, 61-62 (Ala.Crim.App.1988) (emphasis added). See also Judicial Inquiry Commission Advisory Opinion 84-219 (Aug. 27, 1984) (‘[I]t is the opinion of the [Judicial Inquiry] Commission that the mere fact that a party to a proceeding is represented by the defeated opponent of the judge for judicial office does not require the judge’s disqualification.’); Advisory Opinion 98-694 (May 15, 1998); Advisory Opinion 98-716 (Dec. 18, 1998); and Advisory Opinion 04-838 (April 8, 2004).”
 

 Because the substantive claim underlying the claim of ineffective assistance of counsel has no merit, counsel could not be ineffective for failing to raise this issue. “Counsel cannot be held ineffective for failing to raise an issue that has no merit.”
 
 Smith v. State,
 
 [Ms. CR-05-0561, September 26, 2008] - So.3d -, - (Ala.Crim.App.2008).
 

 N.
 

 Lee next argues that counsel was ineffective for failing to effectively perform at the judicial sentencing hearing. In his brief, he specifically states that counsel should have challenged the introduction of
 
 *1174
 
 victim-impact evidence introduced at the judicial sentencing hearing.
 

 The circuit court stated the following concerning this claim:
 

 “Lee fails to identify in his amended Rule 32 petition with any specificity, i.e., citation to or quotation from the record, what testimony the prosecutor elicited that was improper. This Court will not guess or speculate as to what testimony Lee might be referring to.
 

 “The Court finds that the allegation of ineffective assistance of counsel fails to meet the specificity and full factual pleading requirements of Rule 32.6(b); therefore it is summarily dismissed.”
 

 (C.R. 1104-05.)
 

 Lee pleaded the following in regard to this claim: “Trial counsel failed to object to the State’s proffering of improper testimony of the victims that went beyond the impact on the victims and included testimony about the victims’ status in the community.” (C.R. 288.)
 

 We agree with the circuit court that Lee failed to plead the full factual basis to support this claim. The challenged arguments allegedly made by the prosecutor were not identified. Therefore, Lee failed to meet his burden of proof. See Rule 32.6(b), Ala. R.Crim. P.
 

 Also, we have repeatedly held that victim-impact evidence is admissible at the penalty phase of a capital trial. See
 
 Smith v. State,
 
 [Ms. CR-97-1258, January 16, 2009] — So.3d --,-- (Ala.Crim.App.2009);
 
 Gissendanner v. State,
 
 949 So.2d 956 (Ala.Crim.App.2006);
 
 Miller v. State,
 
 913 So.2d 1148 (Ala.Crim.App.2004);
 
 Stallworth v. State,
 
 868 So.2d 1128 (Ala.Crim.App.2001);
 
 Smith v. State,
 
 797 So.2d 503 (Ala.Crim.App.2000);
 
 Williams v. State,
 
 795 So.2d 753 (Ala.Crim.App.1999).
 

 Lee next argues that counsel should have objected to comments made by the prosecutor at the judicial sentencing hearing. In regard to this claim Lee pleaded the following:
 

 “Trial counsel failed to object to the State improperly introducing testimony and inappropriately making argument based on the race of the participants in the crime, as compared with the victims, and the racial make up of the jury.”
 

 (C.R. 289.)
 

 First, this claim was due to be dismissed because it was not sufficiently pleaded. Again, Lee failed to identify any specific prosecutor’s argument that he challenged in his petition. Accordingly, Lee failed to meet his burden of pleading. See Rule 32.6(b), Ala. R.Crim. P.
 

 Moreover, the circuit court stated the following in its order denying relief on this claim:
 

 “In its motion to dismiss Lee’s amended Rule 32 petition, the State points out that at the July 22, 2000, judicial sentencing hearing the prosecutor stated: ‘[t]he jury was made up of people of different ages, different races and different backgrounds.’ That statement was not an improper racial comparison of the victims and Lee and [it] did not, in any way, influence this Court’s sentencing determination. Finally, the Alabama Court of Criminal Appeals held on direct appeal that ‘[t]he record does not reflect that the sentence of death was imposed as the result of the influence of passion, prejudice, or any other arbitrary factor.’
 
 Lee v. State,
 
 898 So.2d at 873.”
 

 (C.R. 1107.) We agree with the circuit court’s findings.
 

 V.
 

 Lee next argues that the circuit court erred in dismissing several of his claims because they were procedurally barred. This section of Lee’s brief fails to comply
 
 *1175
 
 with the briefing requirements set out in Rule 28, Ala. R.App. P. As we stated in
 
 Franklin v. State,
 
 23 So.3d 694, 703 (Ala.Crim.App.2008):
 

 “It is well settled that ‘[rjecitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed.’
 
 Hamm v. State,
 
 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘An appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or assigned. This standard has been specifically applied to briefs containing general propositions devoid of delineation and support from authority or argument.’
 
 Ex parte Riley,
 
 464 So.2d 92, 94 (Ala.1985) (citations omitted).”
 

 Here, Lee did not identify any issues; he merely lists numbers that correspond to issues in his amended Rule 32 petition.
 

 However, the circuit court correctly found that the following substantive claims asserted by Lee were procedurally barred:
 

 (1) Juror misconduct;
 

 (2) Alabama’s death-penalty scheme is unconstitutional; and
 

 (3) The death penalty is unconstitutional in this case.
 

 These claims were procedurally barred. Claims (1) and (2) were barred because they could have been, but were not, raised at trial or on appeal. See Rule 32.2(a)(3), Ala. R.Crim. P. Also, Claim (2) was raised and addressed on direct appeal and was barred pursuant to Rule 32.2(a)(4), Ala. R.Crim. P.
 

 VI.
 

 Lee next argues that the circuit court erred in dismissing his claim concerning the constitutionality of death by lethal injection.
 

 In
 
 Hodges v. State,
 
 [Ms. CR-04-1226, March 23, 2007] — So.3d-(Ala.Crim.App.2007), we specifically found that Hodges’s claim that the change in the method of execution in Alabama from the electric chair to lethal injection was unconstitutional and that lethal injection as a mode of execution is unconstitutional was procedurally barred in a postconviction petition. The circuit court did not err in applying this procedural bar to this claim.
 

 VII.
 

 Lee next argues that the court erred in dismissing his claim that cumulative errors amounted to a miscarriage of justice. This argument consists of one paragraph in Lee’s brief to this Court.
 

 As we stated in
 
 McNabb v. State,
 
 991 So.2d 313 (Ala.Crim.App.2007):
 

 “Here too, if we were to evaluate the cumulative effect of the instances of alleged ineffective assistance of counsel, we would find that McNabb’s substantial rights had not been injuriously affected, because we have found no error in the instances argued in the petition. See
 
 Ex parte Woods,
 
 789 So.2d 941, 943 n. 1 (Ala.2001) (‘A correct statement of the law would be that, when no one instance amounts to error at all (as distinguished from error not sufficiently prejudicial to be reversible), the cumulative effect cannot warrant reversal. In other words, multiple nonerrors obviously do not require reversal.’). Therefore, McNabb is not entitled to any relief on this claim.”
 

 991 So.2d at 332-33. For the reasons stated in
 
 McNabb, Lee
 
 is due no relief on this claim.
 
 [8]
 

 
 *1176
 
 For the foregoing reasons, we affirm the circuit court’s summary denial of Lee’s postconviction petition.
 

 AFFIRMED.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . Here, the same jury determined both Lee's guilt and recommended a sentence. This jury heard Dr. Donald Blanton’s testimony in the guilt phase of the trial concerning Lee's IQ.
 

 [2]
 

 . The section of Lee’s brief addressing this argument does not comply with the require-merits of Rule 28, Ala. R.App. P.
 

 [3]
 

 . This Court may take judicial notice of our previous records of Lee's direct appeal. See
 
 Hull v. State,
 
 607 So.2d 369, 371 (Ala.Crim.App.1992).
 

 [4]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [5]
 

 . To protect the anonymity of the jurors we are using their initials.
 

 [6]
 

 . Rule 11.5, Ala. R.Crim. P., specifically provides:
 

 “Upon completion of the clinical examination of a defendant, copies of the written report(s) regarding the defendant's mental competency to stand trial shall be forwarded to the circuit judge, the defendant's attorney, the district attorney, and, upon further order of the court, to others having a proper interest therein."
 

 [7]
 

 . Lee also argued in his brief that the judge in his Rule 32 proceeding, the same judge who presided over Lee's trial, should have recused himself in the postconviction proceedings.
 

 [8]
 

 . Issues presented in Lee's Rule 32 petition and not specifically argued in brief are deemed abandoned. See
 
 Brownlee v. State,
 
 666 So.2d 91, 93 (Ala.Crim.App.1995).