Rel: March 10, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

––––––––––––––––––––––––

## SC-2023-0026

––––––––––––––––––––––––

## Ex parte Reginald Renard Macon

## PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS

## (In re: Reginald Renard Macon

## v.

## State of Alabama)

## (Houston Circuit Court: CC-93-1043.61; Court of Criminal Appeals: CR-21-0474)

MITCHELL, Justice.

WRIT DENIED.  NO OPINION.

Parker, C.J., and Shaw, Bryan, and Sellers, JJ., concur.

Mitchell, J., concurs specially, with opinion.

MITCHELL, Justice (concurring specially).

I concur in the decision to deny Reginald Renard Macon's petition for a writ of certiorari because every theory asserted in his petition is either meritless, unpreserved, noncompliant with Rule 39(a), Ala. R. App. P., or some combination of the three. I write specially to address a separate question implicated by the decision below.

By way of background, Macon is a serial felon who was most recently indicted for first-degree rape and first-degree theft of property. Macon opted not to go to trial on these charges and instead pleaded guilty to first-degree sexual abuse and first-degree theft of property. Following those pleas, he was sentenced to concurrent terms of life imprisonment under the Habitual Felony Offender Act ("the HFOA"), § 13A-5-9, Ala. Code 1975. Macon did not file a direct appeal challenging his convictions or sentences, but he has since filed three petitions for collateral postconviction relief under Rule 32, Ala. R. Crim. P., including the petition at issue here (his most recent).

One of the many claims that Macon made in his most recent Rule 32 petition was that his sexual-abuse sentence violated double-jeopardy principles. That was so, Macon argued, because the original trial court

3

had illegitimately enhanced that sentence under the HFOA. The Houston Circuit Court rejected that claim -- along with all the other claims raised in Macon's Rule 32 petition -- and Macon did not mention it again when he appealed the circuit court's judgment. Instead, he chose to focus his appeal on his other claims.

In affirming the judgment of the circuit court, the Court of Criminal Appeals correctly determined that, by abandoning his double-jeopardy claim, Macon had failed to preserve it for appellate review. Macon v. State (No. CR-21-0474, Dec. 9, 2022), ___ So. 3d ___ (Ala. Crim. App. 2022) (table). Nonetheless, "out of an abundance of caution," the Court of Criminal Appeals proceeded to explain in its unpublished memorandum why that claim failed on the merits. It felt the need to do so, it said, because there is some authority suggesting that the type of double-jeopardy violation alleged by Macon is jurisdictional in nature and "thus cannot be waived." In other words, the Court of Criminal Appeals seems to have assumed that if jurisdictional defects in a sentence are nonwaivable on direct review, they must be nonwaivable on collateral review (such as in a Rule 32 proceeding) as well.

4

In my view, that assumption is unwarranted. The general rule is that once a judgment becomes final on direct review it is entitled to full res judicata effect, even if it rested on a jurisdictional defect. See 20 Charles Alan Wright & Mary Kay Kane, Federal Practice & Procedure: Federal Practice Deskbook § 17 (2d ed. 2011) (explaining the general rule that "a party who does not actually contest [a court's] jurisdiction will be bound by [its] judgment"); Restatement (Second) of Judgments § 12 (Am. L. Inst. 1982) (noting that, unless a recognized exception provides otherwise, "[w]hen a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation"). While there are certain narrow exceptions to the finality-of-judgment rule, those exceptions are just that -- narrow. Rule 32.1 provides one such exception when it permits a petitioner to collaterally challenge his final conviction or sentence by arguing that the issuing court lacked jurisdiction. But, so far as I can tell, nothing in Rule 32 (or any of our other procedural rules) requires a court to entertain collateral attacks on a final judgment based on potential defects in the original proceedings -- even jurisdictional ones -- that the petitioner has not adequately presented and preserved in the

5

collateral challenge. <u>See</u> <u>Lee v. State</u>, 44 So. 3d 1145, 1149-50 (Ala. Crim. App. 2009) (noting that the rule that appellate courts "will not search out errors which have not been properly preserved" applies in Rule 32 proceedings); Ala. R. Crim. P. 32.10(a) (stating that existing rules of appellate procedure govern Rule 32 petitions). Accordingly, the Court of Criminal Appeals was under no obligation to entertain the merits (or lack thereof) of Macon's unpreserved double-jeopardy claim.

With that clarification in mind, I concur in the decision to deny the writ.